ABBBN, P.,
dissented from so much of the opinion and judgment as held that in this case the action of the County court was to be treated as merely ministerial. The power was confided to a court of record, and the action of the court was judicial; the parties appeared and litigated the question ; the court has affirmed its jurisdiction by pronouncing judgment which would conclude the parties until reversed; and therefore it was proper for the Circuit court to review and if erroneous to reverse it. He was further of opinion that the authority of the County court, although *the court acted judicially, was limited to the enquir3' whether the report of the surve3Tor conformed to the requisitions of the law; and that it was not competent for such court, upon this enquiry, to require proof of the regularity of the proceedings leading to or attending the sale. He was further of opinion that the survey did conform to the requisitions of the law, and was therefore for affirming the judgment of the Circuit court reversing the judgment of the County court, and proceeding to enter the judgment it did.
BEE and SAMUEES, Js., concurred in the opinion of Daniel, J.
MONCURE, J., concurred with Allen, J.
The order was as follows:
The court is of the opinion that the County court, in passing upon any question arising under the 15th section of the 37th chapter of the Code of 1849, prescribing the mode in which lands returned delinquent for taxes are sold therefor or vested in the commonwealth, sits simply as a court of registry; and in determining whether or no it will order the report of the surve3ror, therein required to be recorded, is restricted to the consideration of objections to said report, and has no right to look beyond the return of the list of sales by the sheriff required by the eleventh section of said chapter, into the previous proceedings provided for in said chapter. That the said court, izi discharging its duty under the said 15th section, is vested with no judicial powers, but acts in a capacity purely ministerial; that it is its duty to see whether or no said report is in conformity with the provisions of said section, requiring the report to specify the metes and bounds of the land sold, and the names of the owners of the adjoining tracts; and to give such *other description of the land sold as will identify the same; and that in order to discharge this duty, no enquiry into the regularity or validity of the previous proceedings is necessary or proper. And if it sees that there is no objection to said report on the score of its failing to make the specifications or to give the description just mentioned, it becomes the imperative duty of said court to order said report to be recorded.
The court is, therefore, also further of opinion, that the County court had no authority to render the judgment of the 14th of March 1853, dismissing the motion of the defendant in error, and ordering him to pay costs to the plaintiff in error.
And the court is also further of opinion, that whether or no there was such objection to the report of the survey in the proceedings mentioned, as justified the County court in refusing to order the same to be recorded, is a question which it was not competent for the superior court to take cognizance of by means of writ of error or supersedeas; and that the propriety of the action of the County court in refusing to order said report to be recorded, can be tested in the superior court by mandamus only.
And the court is therefore also further of opinion that the Circuit court erred in undertaking to decide on the refusal of the County court to order said report to be recorded, and in rendering a judgment ordering the same to be recorded: And that instead of rendering its said judgment of the 20th July 1854, the Circuit court ought simply to have rendered a judgment reversing, with costs to defendant in error, the judgment of the County court dismissing his motion, and ordering him to pay costs.
It is therefore considered, that so much of the said judgment of the Circuit court as reverses the said judgment of the County court, with costs to the defendant in error, be affirmed; and that so much thereof *as orders the report aforesaid to be recorded, be reversed and annulled. And that the said plaintiff in error recover against the said defendant in error his costs by him expended in the prosecution of his writ of supersedeas aforesaid here. And the said defendant in error is at liberty to renew his application before the County court, or to take such other legal course as he may be advised to pursue in the premises. All which is to be certified, &c. „